UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY LEE McKIE, | No. 2:24-cv-0438-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SECRET SERVICE, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983 has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  ECF Nos. 2, 5.

**I.  Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

Plaintiff sues four unidentified Secret Service agents. ECF No. 1 at 2. He asserts three claims for relief, which the court will set forth verbatim.

> Claim One:
> On the evening of December 13th, 2021, I, Cody Lee McKie, was bullied by people using telecommunication equipment. They said that I am going to be kidnapped and raped by an animal with a large penis. I was scared for my life. I tried to commit suicide with a box cutter by cutting into the artery on my left wrist. They also said that I will be murdered. The fire department somehow showed up and I was rushed to the E.R.

*Id.* at 3.

> Claim Two:
> Over the past few years, I, Cody Lee McKie, have been bullied on with C.I.A. and Secret Service computer equipment. They use telecommunications equipment to send me audio messages. Some messages are good. Some messages are bad. Some are true. A lot are false. They also use computer equipment to sexually assault me, put me through physical pain and send my head images and other top secret stuff. They told me that I am selected to be a V.I.P. and that I am getting amnesty. So I was bullied on from a distance until I committed a crime and got a lengthy prison sentence. A few jealous federal Secret Service agents keep treating me very bad and they are trying to disqualify my amnesty, because they are too jealous of the female V.I.P. attention.
>
> On August 18th, 2022, I was bullied on with telecommunications equipment, people said that my 8 year old daughter, [name redacted], was kidnapped and in a sex trafficking ring. They used my daughter's voice saying, "Cody, I HATE YOU! EVERYWHERE I GO I GET RAPED!"
>
> I retaliated by setting the three grass fires I am charged with in criminal case 62-187009.
>
> I was a victim of police brutality, excessive force, and unnecessary roughness by Officer Corporal Black of the Rocklin Police Department because of this skit. (NOT SUING COP.)

*Id.* at 4-5.

> Claim Three:
> Unknown Federal agents used computer equipment to sexually assault me, sexually batter me, and prevent me from using the bathroom when needed.
>
> They also prevented my penis from working during sex with two other men because they allegedly don't agree with gay sex.

*Id.* at 6.

////

3

A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  Claims based on fanciful, delusional, or fantastic scenarios are considered frivolous as lacking an arguable basis in fact. *Id.* at 327-28; *McKeever v. Block*, 932 F.2d 797, 798 (9th Cir. 1991).  Plaintiff's claims plainly fall within this category and the complaint must be dismissed.

Leave to Amend.  The court will grant plaintiff an opportunity to file an amended complaint to attempt to cure the defects identified in this order, assuming that is possible.

Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner.  The amended complaint must contain facts – not legal conclusions – supporting each element of the claims alleged.

Any amended complaint must not join unrelated claims.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the

amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**IV.     Summary of Order**

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to file an amended complaint within 30 days of service of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint."
4. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

Dated: August 29, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE